UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBBIE RIVA, | ) | NO. CV 13-3813-VAP (AGR) |
|     Petitioner, | ) | |
| v. | ) | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| J. G. JANDA (Warden), | ) | |
|     Respondent. | ) | |

**I.**

**PROCEDURAL BACKGROUND**

On January 16, 2002, a Los Angeles County jury convicted Petitioner of attempted voluntary manslaughter, assault with a deadly weapon, and discharging a firearm at an occupied vehicle. *People v. Riva*, 112 Cal. App. 4th 981, 986 (2003); (Petition at 2). On February 27, 2002, Petitioner was sentenced to 30 years to life. (*Id.*)

On April 15, 2005, Petitioner filed a petition for writ of habeas corpus challenging his conviction in this court in *Riva v. Woodford*, Case No. CV 05-

2795-VAP-JTL ("*Riva I*").[1] On December 1, 2005, judgment was entered denying the petition on the merits with prejudice. *Id.*, Dkt. No. 14. On March 25, 2009, the Ninth Circuit issued its mandate affirming the judgment of the district court. (Dkt. No. 24.)

On May 29, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in which he challenges the same conviction. (Petition at 2.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Riva I*.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the records in the prior action.

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit to file a second or successive petition. This court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: June 19, 2013_____

_____
VIRGINIA A. PHILLIPS
United States District Judge